JOANNE DOUGLAS                     *        IN THE
3 Walden Cypress Court
Baltimore, Maryland 21207          *        CIRCUIT COURT

    Plaintiff,                 *        FOR

Vs.                                *        BALTIMORE CITY

MAYOR & CITY COUNCIL OF            *        Case No.:
BALTIMORE CITY
                                   *
And
                                   *
DEPARTMENT OF TRANSPORTATION
417 E. Fayette Street, 5th Floor   *
Baltimore, Maryland 21202
                                   *
And
                                   *
HAZEL CROWELL, Office Supervisor,
In her official capacity           *
417 E. Fayette Street. 5th Floor
Baltimore, Maryland 21202          *

    Defendants               *

*******************************************************************************

## COMPLAINT AND JURY DEMAND

    Now comes Plaintiff, Joanne Douglas, by and through counsel and for her complaint against Defendants Mayor and City Council (hereinafter "MNCC"); Department of Transportation (hereinafter "DOT" and Hazel Crowell, in her official capacity and privately (hereinafter "Crowell") states as follows:

## I.  Introduction

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Ms. Douglas by the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. Sections 2601 et seq., The Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. Sections 12101 et seq. and

against Crowell for Intentional Infliction of Emotional Distress for her malicious conduct and against all defendants for retaliation in asserting the aforementioned statutory rights.

II.   **Parties and Jurisdiction**

2.  Plaintiff Joanne Douglas resides at 3 Walden Cypress Court, Baltimore, Maryland 21207 and is a resident of the State of Maryland.  Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. Section 2611 (2) (a) as an employee of defendants within the meaning of the FMLA.  Plaintiff's mother Joanne Gough was diagnose by Casey Scott, MD with dementia and uncontrollable diabetes and needed a family member to come with her to appointments in order to receive medical attention.  This task fell to Joanne Douglas, her caretaker and a person protected under the FMLA as was Joanne Gough.  Additionally, Gough need an insulin pump and constant monitoring in order to preserve her life.  This condition started in 2004 and the prognosis was for the rest of her life.  The need for care was therefore necessary and within the ambit of the FMLA.  Douglas fully provided this care and applied to James Harkness, Chief of the DOT using the procedures adopted by the defendants.  She was initially denied the leave because Harkness claimed that she did not have enough leave. Thereafter, the leave was partially approved but modified outside of the care, needs of Joanne Gough.

3.  Douglas filed a charge of discrimination against defendant DOT/MNCC with the EEO officer of the MNCC complaining of the acts of disability

discrimination on the basis of her family responsibilities relating to her disabled mother, all alleged herein.  That agency found a case of discrimination.

4. More than 180 days having elapsed since the filing of her charge plaintiff has fully complied with all prerequisites to jurisdiction in this court under the ADA.

5. Defendant, MNCC is a local agency/municipality organized and operating pursuant to the laws of the State of Maryland and was plaintiff's employer at all relevant times within the meaning of all relevant federal statutes especially 29 U.S.C. Section 2611 (4) (a).

6. Crowell is an adult citizen of Maryland employed by the MNCC doing business in Baltimore City and working for DOT.

**III.  Facts Relevant To All Claims**

7. On January 21, 2014 Douglas received a letter from Crowell with a copy to James Harkness, Charles Baker and Kathy Litz in which she accused Douglas of sick leave abuse (See, Letter to Joanne Douglas dated January 21, 2014 attached included as Exhibit A herein).

8. Prior to exhibit A DOT had approved intermittent FMLA leave for the care and treatment of Douglas' mother (See, Exhibit B attached herein and made a part hereof.

9. Thereafter Crowell approached Douglas and maliciously and without cause aggressively harassed her about her leave and taking breaks, which were permitted by the DOT.  Crowell's actions were calculated to embarrass

Douglas and resulted in shock to her nervous system and mental wellbeing. These acts were not a part of Crowell's job duties, but done to cause mental anguish to Douglas for improper motives.

10. At all relevant times DOT managers were aware of Crowell's actions as set forth above relating to Douglas' emotional distress at the hands of Ms. Crowell as the Office Supervisor and took no steps to abate the activity, or counsel Crowell after Douglas made numerous requests during 2013 and 2014 in DOT's workplace. Douglas submitted incident reports while defendants took no action against Crowell's inappropriate behavior.

11. After Douglas went to EEO and received a finding of work place violation of the FMLA. Crowell upon learning of the decision became more belligerent and retaliated against Douglas by constant inappropriate language and harassment making the workplace unbearable and hostile.

12. Douglas worked as a Typist II for the defendants at the DOT. When the management changed and William Johnson became the Director of DOT, the office devolved. Johnson allowed a culture of corruption and derisiveness in the office which affected the work environment for Douglas and allowed Crowell to inflict emotional distress upon her and engage in discrimination under the FMLA.

13. Both DOT and Crowell interfered with Douglas' exercise of rights under the FMLA from 2013 until 2014 while she worked for the DOT and MNCC.

14. At all relevant times Casey Scott, MD supported Douglas' use of the FMLA to support her mother's condition, DOT and Crowell.

15.   Despite the requirement that intermittent medical leave was granted by DOT to care for Douglas' disabled mother. It allowed its agent, servant and employees to harass, retaliate and deny the leave without justification, or reason and in violation of FMLA.

16.   The defendant's on information received have used Douglas' FMLA leave as a nugatory factor in her discipline, evaluation and work life. This is clearly an interference with Douglas' exercise of rights and actionable under 29 U.S.C. Section 2615 (a) (1). As a result of the defendant's violations of the FMLA, Douglas is entitle to attorney fees, including front and back pay, benefits, and equitable relief.

## IV.  Claims For Relief

### COUNT I
### (FMLA AGAINST MNCC, DOT and CROWELL in her individual and official capacities)

17.   Plaintiff restates, re-alleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 16, inclusive herein.

18.   Plaintiff was a full-time employee who defendants employed for more than one year.

19.   In addition plaintiff alleges that defendant created an unlawful hostile work environment in violation of the laws of the FMLA of 1993, 29 U.S.C. Sections 2601 et seq., justifying an award, inter alia, of back pay, interest, special damages and any other damages that she is entitled to under law against Defendants.

## COUNT II
### Intentional Infliction of Emotional Distress

20.   Plaintiff reiterates, re-alleges, and re-avers and hereby incorporates by reference any and all allegations of paragraphs 1 through 19, inclusive herein.

21.   Defendant Crowell's conduct as afore set forth was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to the plaintiff.

22.   Defendant Crowell acted maliciously and outside the scope of her employment contract with DOT and MNCC and is therefore individually liable to plaintiff.

23.   The aforesaid conduct by defendant was extreme and outrageous and beyond the bounds of decency in society.

24.   Defendant's conduct was malicious, willful, and intentional.

25.   As a result of the aforesaid conduct and actions, the defendant has suffered and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Crowell for compensatory damages of $100,000.00 and punitive damages of $300,000.00, plus interest and costs of this action.

Edward Smith, Jr., Esquire
2225 St. Paul Street
Baltimore, Maryland 21218
(410) 366-0494

JOANNE DOUGLAS                *       IN THE
3 Walden Cypress Court
Baltimore, Maryland 21207     *       CIRCUIT COURT

     Plaintiff,          *       FOR

Vs.                       *       BALTIMORE CITY

MAYOR & CITY COUNCIL OF    *       Case No.:
BALTIMORE CITY

And                   *

DEPARTMENT OF TRANSPORTATION *
417 E. Fayette Street, 5th Floor
Baltimore, Maryland 21202     *

And                   *

HAZEL CROWELL, Office Supervisor, *
In her official capacity
417 E. Fayette Street. 5th Floor   *
Baltimore, Maryland 21202

     Defendants         *

*********************************************************************************

## DEMAND FOR JURY TRIAL

Mr. /Ms. Clerk:

    Please set this case in for trial by jury.

                           *Edward Smith, Jr.*

                         Edward Smith, Jr., Esquire
                         2225 St. Paul Street
                         Baltimore, Maryland 21218
                         (410) 366-0494