IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOANNE DOUGLAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-0718 |
| MAYOR AND CITY COUNCIL OF BALTIMORE CITY, ET AL., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Joanne Douglas ("Plaintiff" or "Douglas") has brought this action against Defendants Mayor and City Council of Baltimore (the "City"), Baltimore City Department of Transportation ("DOT"), and Hazel Crowell ("Crowell"), in her official capacity as a DOT Office Supervisor (collectively, the "Defendants").[1] Compl., p. 1, ECF No. 2. Plaintiff alleges deprivation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42

---

[1] "Absent a statutory or constitutional provision creating a government agency, an 'office' or 'department' bears no unique legal identity, and thus, it cannot be sued under Maryland law." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 393 (4th Cir. 2014) *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 135 S. Ct. 1893 (2015) (citing *Boyer v. State*, 594 A.2d 121, 128 n. 9 (1991)). The Baltimore City Charter states that "[t]he inhabitants of the City of Baltimore are a corporation, by the name of the 'Mayor and City Council of Baltimore,' and by that name . . . may sue and be sued." *Id.* Maryland law is not unique in this designation, as federal courts have traditionally recognized that individual government departments lack the capacity to be sued. *See, e.g., Strebeck v. Baltimore Cnty. Police Dept.*, Civ. A. No. JFM–05–2580, 2005 WL 2897932, at \*1 (D. Md. Oct.17, 2005) (holding that neither the Baltimore County Police Department nor the Baltimore County Council can be sued). Neither party has cited a statutory or constitutional provision authorizing suit of the DOT, nor can this Court locate one. Therefore, all claims against the DOT are DISMISSED. Even if the DOT could be sued, all claims against it would still be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as explained *infra*.

1

U.S.C. § 12101, *et seq.*, retaliation, and intentional infliction of emotional distress. *Id.* at p. 1. This action was initially filed in the Circuit Court for Baltimore City, Maryland, but was removed to this Court on March 16, 2015. Not. of Removal, ECF No. 1. Currently pending before this Court is Defendants' Motion to Dismiss (ECF No. 8).[2] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, Plaintiff's Complaint (ECF No. 2) is DISMISSED.

## BACKGROUND

In ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiff. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). The relevant facts, construed in Plaintiff's favor, are as follows.

In 2004, Plaintiff Joanne Douglas' ("Plaintiff" or "Douglas") mother was diagnosed with diabetes and dementia. Compl., p. 2, ECF No. 2. Douglas' mother required a family member to accompany her to medical appointments and to be available in case of flare-ups of her medical condition. *Id.* at Ex. B, ECF No. 2-2. On August 21, 2013, Douglas requested a half day's leave from her job as a typist at the Baltimore City Department of Transportation ("DOT"). *Id.* Hazel Crowell ("Crowell"), Plaintiff's Office Supervisor, granted her request. *Id.* Douglas then requested leave for the rest of that day, but Crowell denied this second request. *Id.* By e-mail, Jim Harkness ("Harkness"), Chief of the Traffic Division of the DOT, upheld Crowell's decision denying Douglas's second request for leave.

---

[2] Plaintiff has not filed a Response to the pending Motion.

*Id.* In his e-mail, Harkness also asked Douglas to submit the paperwork required for leave under the Family and Medical Leave Act ("FMLA") to the DOT's Human Resources office as soon as possible. *Id.*

On November 4, 2013, Douglas submitted a "Certification of Health Provider: Family Member's Serious Health Condition," as required by the FMLA. *Id.* In that form, Dr. Casey Scott explained Douglas' mother's diagnosis and explained that due to her memory problems, she needed a family member to accompany her to medical appointments twice a month. *Id.* Dr. Scott also estimated that Douglas' mother would have episodic flare-ups lasting three to four days twice a year, in which case Douglas would be required to administer her medications and check the "fingersticks" for her diabetes. *Id.* After Dr. Scott completed the form, Douglas sent a letter requesting that Dr. Scott amend the form to indicate that flare-ups could occur four to eight times per month as opposed to two times per year.[3]

On January 21, 2014, Crowell issued a written warning to Douglas accusing her of abusing FMLA and sick leave policies. Compl., Ex. A, ECF No. 2-1. According to the warning, "[Douglas] called out on (10) Fridays; (8) Tuesdays; (6) days that precede a holiday; utilized FMLA (13) times for late arrival; requested FMLA after being denied leave on (6) occasions. In addition, [she had] utilized FMLA for prescheduled doctor appointments a total of (8) times, mainly on Tuesdays and Fridays." *Id.* The warning further indicated that Douglas' "FMLA usage is inconsistent with [her] physician's prescription to care for [her] mother" and that she was "found to have committed FMLA and sick leave abuse." *Id.*

---

[3] Douglas has not indicated whether or not Dr. Scott ever responded to her request.

3

After Crowell issued the warning, Douglas claims that Crowell "maliciously and without cause aggressively harassed her about her leave and taking breaks" and that "Crowell's actions were calculated to embarrass [her] and resulted in shock to her nervous system and mental wellbeing," but that management did not address Crowell's behavior despite Douglas' numerous complaints and incident reports between 2013 and 2014. Compl., p. 3-4, ECF No. 2. Douglas further alleges that she "went to [Equal Employment Opportunity] and received a finding of work place violation of the FMLA." *Id.* at 4.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.*

4

(stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). The court need not accept unsupported legal allegations, *see Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## ANALYSIS

Defendants argue that Plaintiff's case should be dismissed because Plaintiff (1) failed to provide notice of her claims to the City Solicitor as required by the Maryland Local Government Tort Claim Act and (2) fails to put forth sufficient factual allegations in support of her claims.

### I. Plaintiff failed to provide notice as required by the Maryland Local Government Tort Claim Act

The Maryland Local Government Tort Claim Act ("LGTCA") provides that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1). Defendants assert that Plaintiff has failed to comply with the notice requirements of the LGTCA. There is no indication that Plaintiff submitted notice. Furthermore, Plaintiff does not dispute that she failed to comply with the LGTCA's requirements, nor does she provide an explanation for her failure to comply. Indeed, Plaintiff never filed any sort of opposition to Defendants'

5

Motion to Dismiss at all. Accordingly, Plaintiff's claims covered by the LGTCA must be dismissed.

## II. Plaintiff fails to put forth sufficient factual allegations in support of her claims

The damages provision of the Family and Medical Leave Act ("FMLA") limits recovery to "any wages, salary, employment benefits, or other compensation denied or lost" on account of the violation. *Montgomery v. Maryland*, 266 F.3d 334, 341 (4th Cir. 2001) (quoting 29 U.S.C § 2617(a)(1)(A)(i)(I)), *overruled on other grounds by Montgomery v. Maryland*, 535 U.S. 1075 (2002). In the event that no wages, salary, employment benefits, or other compensation are lost, damages are limited to "any actual monetary losses sustained by the employee . . . such as the cost of providing care." *Montgomery*, 266 F.3d at 341 (quoting 29 U.S.C § 2617(a)(1)(A)(i)(II)). Plaintiff has not alleged that she suffered actual monetary damages, either in lost compensation or in the cost of providing care. Rather, her demand for "front and back pay, benefits, and equitable relief" as well as "interest, special damages and any other damages" appears to be rooted solely in her claim of intentional infliction of emotional distress. The FMLA damages provision does not authorize damages for emotional distress. *See Settle v. S.W. Rodgers, Co.*, 998 F. Supp. 657, 665-66 (E.D. Va. 1998), *aff'd* 182 F.3d 909 (4th Cir. 1999). Additionally, Plaintiff's bald assertion that, "DOT and Crowell interfered with [her] exercise of rights under the FMLA from 2013 until 2014 while she worked for the DOT" is insufficient to state a claim upon which relief can be granted. Compl., p. 4, ECF No. 2. The conclusory facts she alleges in her complaint do not provide the specificity required to sustain a claim. *Walters*, 684 F.3d at 439. Therefore, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED.

## CONCLUSION

For the foregoing reasons, IT IS this 4th day of March, 2016, HEREBY ORDERED that:

1. The Defendants' Motion to Dismiss (ECF No. 8) is GRANTED;

2. Plaintiff Joanne Douglas' Complaint (ECF No. 2) is DISMISSED;

3. Copies of this Order and the accompanying Memorandum Opinion shall be sent to the Plaintiff and Counsel of record; and

4. The Clerk of this Court shall CLOSE this case.

_____
Richard D. Bennett
United States District Judge